*HARVEY P. PLATT, A TAXPAYER, v. TOLEDO.

1. MUNICIPAL POWER TO CONSTRUCT PART OF BRIDGE UNDER EXPRESSED INTENTION TO COMPLETE SAME.

> A municipal council has power and discretion to authorize contracts to be entered into and issue bonds for the completion of parts of a bridge over a navigable river within municipal limits without making provision for the construction of a draw or other method of spanning the river. The fact that an expressed intention to complete the bridge is revocable, will not defeat the exercise of such power.

2. ELIMINATION OF BONDS EXCEPTED FROM THE ONE PER CENT LIMITATION CONSIDERED IN FIXING AGGREGATE ISSUE.

> An issue of bonds amounting to $525,000 by a city having an aggregate of $370,000 of bonds authorized and a tax valuation of $79,000,000, will not be deemed in excess of the 1 per cent aggregate limitation prescribed by Sec. 2835 Rev. Stat., if, in view of the modification of Sec. 2835b, eliminating all bonds issued prior to April 29, 1902, whether they be original bonds to provide payment for construction of waterworks or bonds to refund indebtedness created by such original issues, the proposed issue added to that already authorized not within the excepted bonds, does not exceed the prescribed limitation.

[Syllabus approved by the court.]

APPEAL from Lucas common pleas court.

B. A. Hayes, for plaintiff.

C. S. Northup and J. P. Manton, for defendant.

WILDMAN, J.

This case is one of so much importance to the litigants and to the community as to invite a larger discussion of the issues involved than I feel justified in entering into; indeed I shall refrain from any elaborate review of the very able arguments of counsel and the computations and estimates made, because of what seems almost certain that, whatever decision may be rendered by this court will not be a finality—in other words, the case will almost inevitably go to the Supreme Court of the state for final review. I assume that because of the large interests involved and the importance of the questions presented. The case is in this court upon appeal, it having been instituted in the court of common pleas by Harvey P. Platt to enjoin the issue of city bonds to

---

*Petition in error dismissed, *Platt* v. *Toledo*, 54 Bull. 106.

the amount of $525,000, for the construction of a bridge—or what is claimed upon one side, to be a part of a bridge—across the Maumee river in this city.

It is said that there are two substantial reasons why this issue should be enjoined: first, that by the issue of such bonds, coupled with other bonds authorized by the city during the current year of 1908, the limit of 1 per cent of the taxable value of property of the city will be exceeded; and also that there is no authority given by law for the issue of bonds to construct anything but a completed bridge.

As to the second of the propositions just recited, this court has already expressed its view in a previous suit instituted by this same plaintiff against the city to enjoin the issue of other bonds for this same structure. In that case, the opinion in which was announced by Judge Kinkade, it was said, in substance, that the court saw no reason to hold that the contention of the plaintiff in that regard was correct. The matter has, however, been very ably reargued, and in courtesy to counsel, the arguments might receive some additional attention notwithstanding the opinion which has already been expressed and the decision which has been rendered by this court. The question was just as completely involved in the former case, of course, as in the present one. We are disposed to adhere to the views therein expressed.

It is true that it may not be within the purview of the statute to authorize a municipality, under the guise of constructing a bridge, to issue bonds for the construction of something which is not a bridge, and we do not quarrel very much with the definitions offered by counsel for plaintiff of the term "bridge." There is, however, in the ordinance passed by the city council in evidence before us, a very clear expression of an intention that a complete bridge, including a draw, or some other means of spanning the stream, shall be constructed, and it is apparent that the present issue of bonds is limited to the sum of $525,000, an amount insufficient for the construction of an entire bridge, including a draw or other means of completing the structure, because of the requirements of the statute that the limitation of 1 per cent shall not be exceeded, or perhaps because of the desire of the council to protect the city against any unnecessary payment of interest upon its bonds until the time shall arrive when it is necessary to make payments for a completed structure. It is said that the intention, so expressed in this ordinance, is in no wise binding upon either the present or future council, that it is revocable and that there should be something in addition to it in the way of authorization of the board of service to construct an entire bridge, but we are inclined to think that

### Platt v. Toledo.

the expression of the intent of the legislative body of the city in the present case is no more revocable than was the apparent authorization to the board of service given for the construction and extension of a filtration plant, the facts concerning which are recited in *Yaryan* v. *Toledo*, 28 O. C. C. 259 (8 N. S. 1). In that case it is true there was not only a section expressing the intention of the council that an entire filtration plant should be constructed, but also an expressed authorization to the board of service to construct; but this authorization was more apparent than real, because the board of service was powerless to act until the means were provided for the carrying out of the contracts into which it might enter. The contracts themselves would be of no validity until the funds were provided for carrying out the obligations thereby incurred. On page 280 of the opinion announced by my associate, Judge Parker, in *Yaryan* v. *Toledo, supra,* after quoting the expressions in the ordinance of claimed authorization to construct the entire plant, this language is used:

"This, we think, is within the power and the discretion of the council. Of course, such plans might be defeated by the subsequent action of the council or by another council, because one council cannot bind its successors, and the whole plan might be overturned in so far as its overturning would not interfere with contracts lawfully entered into or other vested rights."

It does not appear that the expression of an intention to build an entire bridge is any more revocable at the instance of the present council, or any subsequent one, than was the expression of intention and apparent authority in *Yaryan* v. *Toledo, supra,* and we are disposed to apply the principle of that case to the present one and to hold that the council, in exercising the power conferred upon it by law and in the protection of the best interests of the city of Toledo, may authorize contracts to be entered into and provide the means for their fulfillment, for the completion of parts of such structures as the statute says they may provide means to pay for, by the issue of bonds or otherwise. We think that this contention that the council was powerless to issue bonds for the construction of a bridge without making provision for the construction of a draw or other method of completely spanning the stream, should not be sustained and we adhere to the decision made in this respect upon the other trial between the same parties.

As to the other question—whether the attempted issue of $525,000 of bonds, added to the amount of other bonds authorized to be issued during the year 1908, exceed the limit established by the statute—the question is to be determined by the consideration of the various esti-

mates of values, the figures given us as to the issues of other bonds in connection with certain qualifications of the statutory limitation found in Sec. 2835b Rev. Stat. There are several sections which touch more dr less directly upon the questions under consideration. Without reading them, I may cite Secs. 2835, 2835b, 2412 (Lan. 3688; B. 1536-523) Rev. Stat., and an act for the issue of refunding bonds, Lan. Rev. Stat. 4000 (B. 1536-282).

I have before me notes of the agreed amounts of bonds issued in the several years prior to 1908, together with those authorized to be issued during the present year. There is an aggregate of $370,000 of bonds authorized to be issued in 1908 beside the issue now sought to be enjoined, making a total of $895,000. It is agreed that the valuation of the city property does not exceed $79,000,000, 1 per cent of which would be $790,000, so that if the qualifications in Sec. 2835b to which I have referred do not decrease the amount of the bonds below the present amount authorized, there is no question that the issue would be in excess of the limitation allowed and the decrease would have to be to a total amount of not to exceed $790,000. I will not tarry very long upon a discussion of the construction of Sec. 2835b, but will simply express my own opinion—and probably that of the other members of the court—that sufficient emphasis has not been placed, in argument, upon the last clause or two of this section, and especially the expression of what is to be considered in arriving at the limitation therein provided. To make intelligible the view at which we have arrived, it is necessary to read Sec. 2835b:

"Provided further, that the limitations of one per cent and four per cent prescribed in section 2835 Rev. Stat. shall not be construed as affecting bonds issued under authority of said section 2835 upon the approval of the electors of the corporation, nor shall bonds which are to be paid for by assessments specially levied upon abutting property, nor bonds issued for the purpose of constructing, improving and extending waterworks when the income from such waterworks is sufficient to cover the cost of all operating expenses, interest charges and to pass a sufficient amount to a sinking fund to retire such bonds when they become due, nor any bonds issued prior to the passage of section 2835 Revised Statutes as amended April 29, 1902, be deemed as subject to the provisions and limitations of said section, or be considered in arriving at the limitations therein provided."

Without going over the mass of figures submitted to us, I invite especial attention to the language which I have now read, in the closing part of this section: "Nor" shall "any bonds issued prior to

Platt v. Toledo.

the passage of section 2835 Revised Statutes as amended April 29, 1902, be deemed as subject to the provisions and limitations of said section, or be considered in arriving at the limitations therein provided."

It seems to us that there is no escape from the conclusion that in determining the amount of bonds which may be issued under the limitation, all bonds issued prior to the amendment of Sec. 2835, on April 29, 1902, should be excluded, whether they be original bonds to provide payment for the construction of waterworks, or bonds to refund indebtedness created by such original issues, and under that view, if we understand aright the contention of counsel for plaintiff, they substantially concede that the limit of 1 per cent is not exceeded by the issue of $525,000 of bonds added to the bonds already authorized for 1908 when the amount of the bonds issued for waterworks purposes is taken with the qualification that such bonds shall not be considered when the revenue from the waterworks rentals is sufficient to provide for the expenditures for maintenance and repairs and to pay the interest on the bonds and provide a sinking fund for their payment at maturity. I do not care to go into the figures which led to the agreement and concession which have been made in the case. The amount of the bonds issued prior to the date of the amendment of Sec. 2835 referred to in the statute, should be, as I have said, eliminated from our inquiry, and taking the bonds issued subsequent to that date, i. e., to the amending of that section, the income derived from the waterworks in 1907, to wit, $204,000, would be sufficient for the purposes expressed in the statute so as to prevent the application of the amount of issue of waterworks bonds in 1908—$230,000—upon the aggregate amount permissible under the statute.

The conclusion at which we arrive is, that the plaintiff's contention that the council is exceeding the issue permitted by Sec. 2835 and Sec. 2835b, is not maintained; and, entertaining the views which I have expressed as to both of the questions presented, we can arrive at no other conclusion than that the plaintiff's petition should be dismissed. Such will be the judgment.

**Parker and Kinkade, JJ., concur.**